Robert J. Menna, Esq. (RM6046)
**GREENBERG LAW PC**
370 Lexington Avenue, Ste. 1100
New York, New York 10017
Tel: (212) 972-5656
Fax: (212) 697-3551
Email: rob@greenberglawpc.com

*Attorneys for Plaintiff*
*Liis Mirski*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X    Case No.: 7:20-cv-8242

LIIS MIRSKI,                                                                                **COMPLAINT**

                           Plaintiff,                   **JURY TRIAL DEMANDED**

-against-                                                                                        **ECF CASE**

HOME DEPOT U.S.A., INC.,

                           Defendant.

-------------------------------------------------------------------X

      Plaintiff LIIS MIRSKI, by her attorneys, GREENBERG LAW PC, complaining of the defendant, respectfully alleges as follows:

## JURISDICTION AND VENUE

      1.      This Court has jurisdiction of this action pursuant to 28 U.S.C. §1332(a)(2) as the matter in controversy exceeds $75,000.00 exclusive of interest and costs and is between citizens of different states.

      2.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim took place in this district.

**JURY DEMAND**

3.  Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

**PARTIES**

4.  Plaintiff LIIS MIRSKI has been at all relevant times domiciled in the City of Stamford, County of Fairfield, and State of Connecticut.

5.  Defendant HOME DEPOT U.S.A., INC. has been at all relevant times a corporation duly organized and existing under and by virtue of the laws of the State of Delaware with its principal place of business in Atlanta, Georgia.

6.  Defendant HOME DEPOT U.S.A., INC. is and at all relevant times has been transacting business within the jurisdiction of the U.S. District Court for the Southern District of New York including, selling goods and merchandise, and otherwise to residents, all for profit.

7.  At all times hereinafter mentioned, Defendant HOME DEPOT U.S.A., INC. should have reasonably expected that its actions to have consequences in the U.S. District Court for the Southern District of New York.

8.  At all times hereinafter mentioned, Defendant HOME DEPOT U.S.A., INC. is and at all relevant times has been transacting business within the jurisdiction of the U.S. District should have reasonably expected that its actions to have consequences in the U.S. District Court for the Southern District of New York.

9.  At all times hereinafter mentioned, Defendant HOME DEPOT U.S.A., INC. is and at all relevant times has been transacting business within the jurisdiction of the U.S. District,

its agents, servants, and/or employees, committed a tortious act within the State of New York, causing injury to Plaintiff within the U.S. District Court for the Southern District of New York.

## BACKGROUND FACTS

10. That on June 23, 2020, the Defendant, HOME DEPOT U.S.A., INC. was the owner of a certain premises located at 150 Midland Avenue in the Village of Port Chester, County of Westchester and State of New York (hereinafter referred to as "the subject premises").

11. At all times hereinafter mentioned, defendant, HOME DEPOT U.S.A., INC., was the lessee of the subject premises.

12. At all times hereinafter mentioned, defendant, HOME DEPOT U.S.A., INC., its agents, servants and/or employees leased the subject premises.

13. At all times hereinafter mentioned, defendant, HOME DEPOT U.S.A., INC., its agents, servants and/or employees operated the subject premises.

14. At all times hereinafter mentioned, defendant, HOME DEPOT U.S.A., INC., its agents, servants and/or employees managed the subject premises.

15. At all times hereinafter mentioned, defendant, HOME DEPOT U.S.A., INC., its agents, servants and/or employees maintained the subject premises.

16. At all times hereinafter mentioned, defendant, HOME DEPOT U.S.A., INC., its agents, servants and/or employees controlled the subject premises.

17. That on June 23, 2020 at approximately 8:45 a.m., Plaintiff, LIIS MIRSKI, was lawfully in and upon the subject premises.

**As and for a First Cause of Action**
**(Negligence)**

18.     That Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs numbered "1" to "17" with the same force and effect as though the same were set forth in full detail herein.

19.     Defendant had a duty to maintain, control, and operate the subject premises in a reasonable and safe condition.

20.     Defendant breached its duty of due, reasonable, and ordinary care to plaintiff in the following respects:

   a. That on June 23, 2020 at approximately 8:45 a.m., while Plaintiff, LIIS MIRSKI was lawfully in and upon the subject premises, and more particularly, in the vicinity of aisle end cap displaying hand sanitizer in the vicinity of the registers, she fell.

   b. That on June 23, 2020 at approximately 8:45 a.m., while Plaintiff, LIIS MIRSKI was lawfully on the subject premises, she was caused to slip, fall and be precipitated to the ground as a result of a wet, slick, slippery, dangerous and defective condition existing thereat.

   c. That the aforementioned occurrence and the injuries resulting therefrom were the result of the carelessness, recklessness and negligence of the defendant, its agents, servants and/or employees in the ownership, ownership, operation, management, maintenance and control of the aforementioned premises; in causing, permitting and allowing the floor of the aforesaid premises to be, become and remain in a wet, slick, slippery condition; in causing, permitting and/or allowing the said premises thereat to be, become and remain in a dangerous, hazardous and traplike condition; in failing to clean, properly clean

       and/or adequately clean the aforesaid premises; in improperly cleaning and/or maintaining the aforesaid premises sometime prior to the occurrence; in failing to remedy, properly remedy and/or timely remedy the aforesaid dangerous and hazardous conditions; in failing to repair a hazardous recurring condition; and in otherwise being negligent in the premises herein.

    d. That at the aforesaid time and place, plaintiff LIIS MIRSKI fell as a result of a dangerous, defective and unsafe condition which was caused, created, allowed and/or permitted by defendant and that such condition was permitted to exist for an unreasonable length of time and was known or in the exercise of reasonable care should have been known to defendant.

    e. That defendant had both actual and constructive notice of the said dangerous conditions, and actually created same.

20. That as a result of the foregoing, Plaintiff LIIS MIRSKI sustained severe and permanent personal injuries.

21. That the aforesaid occurrence was caused solely and wholly by the negligence, carelessness and recklessness of defendant in the ownership, operation, management, maintenance and control of the subject premises.

22. That the aforesaid occurrence and resulting injuries therefrom were caused as the result of the negligence of the defendant without any negligence on the part of Plaintiff contributing thereto.

23. As a result of his injuries, plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention.

24. As a result of her injuries, plaintiff was, and will continue to be, rendered unable to perform her normal activities and duties.

25. That Plaintiff has been damaged by Defendant in a sum to be proven at trial that exceeds the jurisdictional limit ($75,000.00) of this Court.

**Wherefore**, Plaintiff demands judgment against the Defendantsherein in an amount of his damages to be proven at trial, all of which are in excess of the minimum jurisdictional requirements of this Court, such other and further relief as this Court may deem just and proper, together with his attorneys fees, and the costs and disbursements of this action.

Dated: New York, New York
October 4, 2020

           GREENBERG LAW P.C.

By: Robert J. Menna, Esq. (RM6046)
    Attorney for Plaintiff(s)
    370 Lexington Avenue
    Suite 1100
    New York, NY 10017
    (212) 972-5656

TO:

HOME DEPOT U.S.A., INC.
C/O CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY, NEW YORK, 12207-2543